UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **ZAID ZAID**, <br><br> Defendant. | 2:18-CR-20628-TGB-DRG <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE (ECF NO. 52)** |

This matter is before the Court on Defendant Zaid Zaid's unopposed motion for early termination of supervised release (ECF No. 52). Based on the Court's review of the motion and further review of the record in this case, the Court determines that supervision is no longer necessary. Accordingly, the Court **GRANTS** Defendant's motion to terminate supervised release, and the remaining term of supervised release imposed on Defendant is **TERMINATED**.

## I. BACKGROUND

On January 28, 2022, Zaid was sentenced to one day in custody and a three-year term of supervised release after pleading guilty to one count of operating an unlicensed money transmitting business. Judgment, ECF No. 51, PageID.243. Zaid was also ordered to perform 100 hours of community service. *Id.* at PageID.247.

Zaid began his supervised release term on January 28, 2022, and has now served about thirteen months' supervision. Zaid's counsel reports that Zaid no longer operates a money transmittal business. Mot. for Early Termination of Supervision, ECF No. 52, PageID.254. The Government does not oppose early termination of supervised release. *See* Email Correspondence, ECF No. 52-1, PageID.257. Nor does Zaid's probation officer. *Id.* at PageID.257-58.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) further instructs courts to consider pertinent factors outlined by 18 U.S.C. § 3553(a) in assessing whether early termination is appropriate.

While Section 3583(e) plainly requires courts to evaluate the defendant's conduct on supervised release, "the phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). "[T]he statute clearly indicates that a district court must conclude that the early termination of supervised

release is warranted both by the individual's conduct and also by the interest of justice." *Id.*

## III. DISCUSSION

Considering the Section 3553(a) factors, Zaid's conduct, the opinion of the Probation Department, and the interests of justice, early termination of supervised release is justified. As his probation officer acknowledges, Zaid has complied with all terms of his supervised release over the last thirteen 13 months. Neither the probation department nor the Government objects to early termination of supervision.

Given the non-violent nature of the offense, Zaid's minimal prior criminal history, the probation department's acquiescence to Zaid's request, and the fact that Zaid no longer operates a money transmittal business, there is no reason to believe that Zaid poses a continuing danger to the public.

## IV. CONCLUSION

Because it is supported both by the interests of justice and Zaid's conduct, Defendant Zaid Zaid's motion to terminate supervised release is **GRANTED**, and his remaining term of supervised release is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: March 1, 2023	s/Terrence G. Berg
	TERRENCE G. BERG
	UNITED STATES DISTRICT JUDGE

3